IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re:  GLENN NOLAN CORLEY and
JANIE PHILLIPS CORLEY,

                  Debtors,

GARY AINSWORTH,

                  Plaintiff-Appellant,

                                          No. CIV 06-606 BB/LFG
   vs.                                Bankruptcy No. 7-05-16827 SA
                                          Adversary No. 05-01265 S

GLENN NOLAN CORLEY and
JANIE PHILLIPS CORLEY,

                  Defendants-Appellees.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

       THIS MATTER is before the Court on appeal of a decision in a core proceeding in the United States Bankruptcy Court for the District of New Mexico.  The appeal is filed by Plaintiff-Appellant Gary Ainsworth ("Ainsworth") pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001(e).

       Ainsworth challenges the ruling of United States Bankruptcy Judge James S. Starzynski dismissing the adversary proceeding on grounds that Ainsworth's "Notice of Objection to Dischargeabilty of Debt" was deficient to serve as a complaint objecting to dischargeability.

---

[1] Within ten (10) days after a party is served with a copy of this proposed analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed analysis and recommendations.  If no objections are filed, no appellate review will be allowed.

The District court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(c)(1)(A). This case was referred to the undersigned Chief Magistrate Judge for analysis and recommended disposition pursuant to 28 U.S.C. § 636(b)(1).  Briefing on this bankruptcy appeal was completed on November 21, 2006.  For the reasons given below, the Court recommends that  this case be remanded to the Bankruptcy Court for consideration of the issue of "relation back" under Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15(c), as discussed below.

## Factual and Procedural Background

Defendants-Appellees Glenn Nolan Corley and Janie Phillips Corley ("the Corleys") filed for Chapter 7 bankruptcy on August 28, 2005.  Ainsworth objects to the discharge of debts allegedly owed him by the Corleys.

Ainsworth alleges in his First Amended Complaint that Defendant Glenn Nolan Corley ("Corley") is the president of Corley Homes, Inc., and that on or about September 24, 2003, Ainsworth entered into a contract with Corley for the purchase of a new home.  [Record on Appeal ("ROA") Doc. 3 and Ex. A thereto].  In connection with the sale, Corley executed a document entitled "Indemnity and Affidavits as to Debts, Liens, and Possession" in which he stated that there were no unpaid labor or material claims and no unpaid debts, loans, judgments or liens against the property.  [ROA Doc. 3, Ex. B].  In addition, Corley agreed to pay on demand to the purchaser all amounts secured by any liens or claims not disclosed to the purchasers, together with costs and attorney fees arising in connection with any undisclosed liens. [Id.].

Ainsworth asserts that Corley misrepresented facts to Ainsworth with the intent to cheat or deceive him when Corley stated that, at the time of closing on the property, he had paid or otherwise satisfied all of the subcontractor liens on the home purchased by Ainsworth.  Ainsworth claims that

there were, in fact, unpaid subcontractor liens and that Corley was aware of this at the time he executed the contract and affidavit. Ainsworth alleges that Corley's statements were materially false, that Corley knew they were false at the time he made them, and that the statements were made to induce Aisnworth to purchase the home. Ainsworth relied on Corley's statements, and Ainsworth contends that Corley is indebted to him in the amount of $35,000 as a result of the transactions and fraudulent misrepresentations. [ROA Doc 3, Ex. A]. Ainsworth asserts that Corley's actions constitute fraud, that Corley has therefore violated 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B) and (a)(6), and that the debt owed to Ainsworth is nondischargeable under the Bankruptcy Code. [Id.].

At the time the Corleys filed their petition for bankruptcy, Corley was a named defendant in a lawsuit filed by Ainsworth in the New Mexico District Court, Second Judicial District, based on the allegations of fraud noted above. In that suit, Ainsworth asserted causes of action for fraud, breach of contract, and violation of the state Unfair Trade Practices Act. After preliminary discovery in that case, the Corleys filed for bankruptcy. The bankruptcy filing stayed the civil lawsuit, and Ainsworth's state lawsuit was properly noticed as a creditor claim in the bankruptcy action. [Doc. 5, at 4-5; ROA Doc. 6,7].[2]

On August 27, 2005, the Bankruptcy Court served a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadline ("the Bankruptcy Notice") to creditors, including Ainsworth. The Bankruptcy Notice specified November 25, 2005 as the deadline to file complaints seeking to

---

[2]This information was taken in part from a single document titled "Motion to Dismiss or Strike Creditors' Notice of Objection to Dischargeability of Debt and the Adversary Proceeding, and to Quash Summons and Notice of Pretrial Conference" was noted in the Bankruptcy Court docket as two separate entries: Doc. 6, which is listed as a Motion to Dismiss or Strike Creditors' Notice of Objection; and Doc. 7, which is listed as a Motion to Quash Summons and Notice of Pretrial Conference. This single document will be referred to herein as "ROA Doc. 6,7."

determine the dischargeability of any debts.  [ROA Doc. 6,7].

The last day of this deadline period was a Friday.  On the following Sunday, November 27, 2005, Ainsworth's attorney electronically filed a pleading in the bankruptcy case captioned, "Creditor's Notice of Objection to Dischargeability of Debt Under 11 U.S.C. 523" [ROA Doc. 1], hereinafter referred to as the "Notice of Objection." [ROA Doc. 6,7].  Ainsworth's counsel says he assumed this filing was timely pursuant to the Court's "drop-box rule" and indeed, the Bankruptcy Court later found that the Sunday filing related back to the preceding Friday and the document was thus filed within the deadline and constituted a timely filing.  [ROA Doc. 14, Ex. C; ROA Doc. 16, at 1 n.1].

However, the Corleys assert that the Notice of Objection was insufficient under the Bankruptcy Code and Rules to serve as a proper complaint in an adversary proceeding.  They argue that it failed to conform to the requirements of a complaint because it did not allege jurisdiction or state whether the proceeding was core or non-core, in violation of Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8(a); it failed to name any defendants, in violation of Fed. R. Bankr. P. 7010 and Fed. R. Civ. P. 10(a); it failed to ask the Court to determine whether a debt of the Corleys was nondischargeable; and it was unsigned, in violation of Fed. R. Civ. P. 11.  [Doc. 6, at 8; ROA Doc. 6,7].  The Corleys further allege that Ainsworth failed to pay the filing fee required to commence an adversary proceeding.

Notwithstanding the irregularities, the Clerk accepted, as he must, the Notice of Objection, considered it to be a complaint, and opened an adversary proceeding.  Elliott v. May, 122 Fed. Appx. 944, 946 (10th Cir. 2004) (in a bankruptcy case arising in New Mexico, the Tenth Circuit held, "our research has not uncovered any statutory or common law duty which requires a court employee,

4

whether an official clerk of the court or a member of the court's staff, to review the proposed filings of litigants for accuracy or legal validity and, upon such review, determine whether the party can file the action"); *see also*, <u>Cosper v. Frederick</u>, 73 B.R. 636 (Bankr. N.D. Fla. 1986) (it is for the bankruptcy court, and not the Clerk of Court, to determine the legal sufficiency of documents tendered for filing). The Clerk also accepted late payment of the filing fee on or about Wednesday, November 30, 2005.

On December 6, 2005, the Bankruptcy Court issued a Summons and Notice of Pretrial Conference in the adversary proceeding, directing Ainsworth to serve the summons and a copy of the complaint within ten days of issuance and to file a certificate of service with the Court. The Corleys assert that Ainsworth did not serve the summons and a copy of the complaint within the allotted ten days; instead, Ainsworth filed a "First Amended Complaint to Determine Dischargeability of Debts" [ROA Doc. 3] on December 30, 2005. Unlike the Notice of Objection, this later filing was styled as a complaint. In addition, unlike its predecessor document, this complaint alleged jurisdiction, stated that the proceeding was a core proceeding, and named specific defendants. The Amended Complaint was in accord with pleading requirements under the Federal Bankruptcy Rules. The Amended Complaint was served on Defendants but no summons was ever served. [Doc. 6, at 8-9].

On January 5, 2006, the Corleys filed a "Motion to Dismiss or Strike Creditors' Notice of Objection to Dischargeability of Debt and the Adversary Proceeding, and to Quash Summons and Notice of Pretrial Conference" [ROA Doc. 6,7]. They argued that Ainsworth's earlier Notice of Objection should be stricken and the entire adversary proceeding should be dismissed.

As grounds therefor, the Corleys contended that the Notice of Objection was not a proper complaint, that it was filed outside the deadline for complaints to determine dischargeability of debts,

5

that the Corleys were not served with process, that the Court lacked jurisdiction, that process and service of process were insufficient, that the summons should be quashed, and that the Clerk's Office exceeded its authority by docketing a "complaint" when none was filed.  [ROA Doc. 6,7].

In responding to the Motion to Dismiss, Ainsworth's attorney submitted an affidavit.  He stated therein that he had not previously practiced in Bankruptcy Court.  He was aware that an objection to dischargeability had to filed by November 25, 2005, which was a Friday, and it was his belief that the objection was timely if filed on Sunday November 27 pursuant to the Court's "drop box rule."  Counsel further stated that after the Notice of Objection was filed, the Clerk's Office contacted counsel and told him that the objection to dischargeability was actually an adversary matter, that the Notice of Objection would be filed as a complaint, and that a filing fee of $250 was due. Counsel said he promptly paid the filing fee on or about November 30, 2005.  [ROA Doc. 14, Ex. C].

Counsel further stated that the Court mailed him the notice and summons for service upon the adverse party but, due to the fact that he was involved in both an office move and a federal criminal trial at the time, he failed to mail the summons in a timely manner.  He stated that his office mailed the summons and notice to opposing counsel on or about December 20, 2005.  Ainsworth's counsel says that he then retained experienced bankruptcy counsel, Paul Kienzle, to assist in the case, that the Amended Complaint in full compliance with Bankruptcy Rules was filed on or about December 30, 2005.  He states further that opposing counsel did not challenge the Notice of Objection at any time prior to the date the Amended Complaint was filed [Id.], and contends that the Amended Complaint cured any prior pleading defect.

On June 22, 2006, Judge Starzynski granted the Corleys' motion to dismiss and entered an

Order Dismissing Adversary Proceedings [ROA Doc. 16].  On June 30, 2006, Ainsworth filed his Notice of Appeal in the Bankruptcy Court, along with an election to have the appeal heard in the United States District Court pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. Rule 8001(e). [ROA Docs. 18, 19].  The Clerk's Certificate of Service of Notice of Appeal to United States District Court was filed in the present case on July 7, 2006.  [Doc. 1].

## Standard of Review and Issues on Appeal

Legal determinations of the Bankruptcy Court are reviewed under a *de novo* standard, Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994), although this Court is bound by any factual findings of the Bankruptcy Court unless they are clearly erroneous.  Rowe Int'l, Inc. v. Herd (In re Herd), 840 F.2d 757, 759 (10th Cir. 1988).  The facts underlying this appeal are undisputed; rather, the parties' disagreement is over the legal effect of the Plaintiff's action in filing a Notice of Objection rather than a formal complaint.  The Court therefore reviews the dismissal in this case under a *de novo* standard.

In his carefully crafted June 22, 2006 order dismissing the adversary case, Judge Starzynski held that the Notice of Objection is deficient as a complaint in that it fails to identify the defendant or defendants, does not contain a caption, fails to allege jurisdiction, venue or core/non-core status, and does not demand that the Court declare the debt nondischargeable.  [ROA Doc. 16, at 2].  He wrote that the Notice of Objection functions only to give notice that the creditor objects to the discharge of his debt.

Although Judge Starzynski held that the Amended Complaint, even if proper in all other respects "cannot make the original Notice timely filed if it were not" [Id.], he did not discuss the possible effect of the "relation back" principle set forth in Fed. R. Civ. P. 15(c), applicable in

bankruptcy proceedings under Fed. R. Bankr. P. 7015.  Ainsworth's counsel raised and argued the issue of relation back under Rule 15(c) in his Response to the Motion to Dismiss.  [ROA Doc. 14].

Judge Starzynski also held that even if there were excusable neglect in this case, that is not a ground for extending the deadline for filing dischargeability complaints.  He noted that Bankruptcy Rules provide for an extension of time only if the plaintiff files a motion to extend prior to expiration of the deadline and shows good cause for the extension.  He further held that the court is prohibited from extending *sua sponte* the time within which to file dischargeability complaints.

Ainsworth argues in this appeal that the Bankruptcy Court erred in dismissing his complaint in the adversary proceeding, because the Notice of Objection was timely filed and contained all of the essential facts necessary to provide the Corleys with notice of the basis for the action seeking a determination of dischargeability under Section 523 of the Bankruptcy Code.  He asserts that although the Notice of Objection was incomplete in certain respects, it should be liberally construed to do substantial justice, particularly since the Amended Complaint was proper and sufficient in all respects and should relate back and cure any defects in the original filing.

Ainsworth further argues that the Corleys suffered no prejudice as a result of the incomplete Notice of Objection and that, in any event, they waived their right to challenge the Notice of Objection because they failed to object to it until after the Amended Complaint had already been filed. [Doc. 5, at 7-12].

## Discussion

> Debts set forth in [11 U.S.C.] § 523(a), including debts for fraud, are excepted from discharge in bankruptcy.  However, § 523(c) specifies that some of these nondischargeable debts, including debts for fraud, will be discharged unless the creditor requests the bankruptcy court to determine the dischargeability of the claim.  Rule 4007 [Fed. R. Bankr. P.] imposes a strict 60-day time limit [after the first date set for

the meeting of creditors] for filing complaints to determine dischargeability of debts listed in § 523(c).

Allred v. Kennerley (In re Kennerley), 995 F.2d 145, 146 (9th Cir. 1993).

In this case, Judge Starzynski made three well reasoned rulings: (1) that the Notice of Objection did not suffice to serve as a complaint in an adversary proceeding to determine dischargeability of a debt; (2) that the formal complaint cannot make the original Notice timely filed if it were not; and (3) that without a motion for extension by the creditor, the Court could not *sua sponte* extend the deadline to file a complaint seeking a determination of nondischargeability.

However, subsequent to the Bankruptcy Judge announcing his decision, a Tenth Circuit Bankruptcy Appellate Panel (B.A.P.) opinion was entered which calls into question one of the three rulings. The Bankruptcy Court's second ruling appears to conflict with this B.A.P. decision, rendered after the decision at issue in this appeal was filed, and thus the Court recommends that the case be remanded to Judge Starzynski for consideration of the "relation back" issue in light of the recent B.A.P. decision.

### *Sufficiency of the November 27 Notice to Serve as a Complaint*

An adversary proceeding seeking a determination of dischargeability must be commenced by a complaint rather than by a motion or application. Wood v. Jasperson (In re Jasperson), 116 B.R. 740, 742-43 (Bankr. S.D. Cal. 1990). The Bankruptcy Rules discuss the elements of a complaint. Fed. R. Bankr. P. Rule 7008(a) provides that Rule 8, Fed. R. Civ. P., applies in adversary proceedings, and that:

> [t]he allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code is pending. In an adversary

9

> proceeding before a bankruptcy judge, the complaint . . . shall contain
> a statement that the proceeding is core or non-core and, if non-core,
> that the pleader does or does not consent to entry of final orders or
> judgment by the bankruptcy judge.

It is undisputed that Ainsworth's Notice of Objection did not conform to these requirements. As Judge Starzynski appropriately noted, the Notice did not contain an allegation of jurisdiction or venue and did not state whether the proceeding is core or non-core.

Fed. R. Bankr. P. Rule 7010 provides that Fed. R. Civ. P. Rule 10 applies in adversary proceedings, except that the caption of the pleading shall conform substantially to the Official Form. Fed. R. Civ. P. Rule 10 provides that every pleading shall include a caption setting forth the name of the court, the title of the action, the file number, and a designation of the pleading as a Complaint, Answer, etc., as set forth in Fed. R. Civ. P. Rule 7(a).

Again, the Notice of Objection, as the Bankruptcy Judge pointed out, does not include a proper caption in that it does not state the identities of the defendants in the adversary proceeding, nor does it designate the document as a Complaint.  In addition, the Notice of Objection does not include any demand or prayer for relief as required by Fed. R. Civ. P. 8(a).  Rather, it simply states, "Mr. Ainsworth gives notice of his objection to dischargeability of his debt underlying his state court lawsuit against the above debtor."  [ROA Doc. 1, at 1].

A filing in an adversary proceeding that does not conform to the requirements of the Rules of Bankruptcy Procedure may be dismissed.  There is no requirement, however, that it must be dismissed.

The Bankruptcy Court in Duhon v. Mire (In re Norman), 49 B.R. 796 (Bankr. W.D. La. 1985) denied the debtors' motion to dismiss creditors' objections to discharge on grounds that the

pleadings initiating the proceedings were not accompanied by the requisite filing fee and did not comply with the requirements of the Bankruptcy Rules.  The court found that the documents at issue "conform substantially" to the relevant Rules, and it allowed the documents to be filed as complaints initiating adversary proceedings.  Id., at 797.  The pleadings at issue in that case were labeled as "complaints" but the captions did not denominate a plaintiff or defendant and "gave no address."  Id., at 796.

Simlarly, in Pfeiffer v. Rand (In re Rand), 144 B.R. 253 (Bankr. S.D.N.Y. 1992), the creditor, who was proceeding *pro se*, wrote a letter to the judge prior to expiration of the period for filing an adversary proceeding complaint, objecting to dischargeability of her debt.  As grounds for the objection, she referred to a state court action which she had commenced to recover the amount of the unpaid loan she says she made to the debtor, and she attached pertinent documents in support of her claim.  It was not until after expiration of the objection period that she filed a proper complaint. The Bankruptcy Court held that:

> Pfeiffer's January 3rd letter and its accompanying documents sufficiently laid out Pfeiffer's objection to the dischargeability of her debt to be deemed a complaint.  The letter and documents apprised the court of the general nature and extent of her potential claim. The letter also contained a reference to the name, number and chapter of the case to which this adversary proceeding relates.  Thus, I conclude that Pfeiffer's letter constitutes a complaint.

Id., at 256.  Finding that the letter was in fact a complaint, the judge held that the creditor had filed it in a timely fashion.

So, too, in Mayfair Builders, Inc. v. Gordon (In re Gordon), 164 B.R. 706 (Bankr. S.D. Fla. 1994), wherein the debtor moved to dismiss a creditor's action seeking to determine the extent, validity and priority of its mechanic's lien against the debtor's real property.  The debtor argued that

the complaint should be dismissed because it was titled "Motion" and did not recite the statutory basis

for the court's jurisdiction and other allegations called for in the Bankruptcy Rules.  In denying the

motion to dismiss, the court held:

> Mayfair has instituted an adversary proceeding.  The fact that Mayfair labeled the complaint as a motion does not make it any less a complaint.  Further, Mayfair's failure to set out the allegations of the complaint in accordance with Bankruptcy Rule 7010 did not inhibit Debtor's ability to answer the complaint.  Finally, Mayfair's complaint sufficiently establishes the grounds upon which relief can be granted.  Complaints should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957).

Id., at 707.

In yet another case involving an objection to discharge, the creditors filed a motion requesting

leave to amend their Objection to Discharge, asking the Bankruptcy Court for permission to allow

them to "include the necessary averments to transform the objection into a complaint."  In re Little,

220 B.R. 13, 15 (Bankr. D.N.J. 1998).  The debtor challenged the motion on grounds the defective

complaint fell short of the requirements of the Bankruptcy Rules and constituted an untimely attempt

to commence a discharge action.

The document at issue in In re Little was not titled a Complaint, failed to state any

jurisdictional grounds, and failed to state whether the proceeding was core or non-core.  In addition,

the creditors failed to obtain an adversary proceeding number and did not obtain a summons.

However, the caption did contain the name of the debtor, the main case number and chapter under

which the case was proceeding, and the pleading adequately set forth a claim for relief under the

appropriate section of the Bankruptcy Code.  Id., at 19.

> Generally speaking, most courts are willing to overlook deficiencies in a pleading, including errors in presenting a complaint as a motion and vice versa, so long as the pleading substantially complies with the rules of pleading . . . .  Such pleading deficiencies are considered harmless error when it can be demonstrated that there exists no prejudice to the non-moving party because the filed pleading provides the non-movant with notice of the nature of the pending litigation . . . .  In further support of a liberal construction of the pleadings, F.R.C.P. 8(f) empowers the courts to temporarily overlook deficiencies in pleadings in order to construe them in a manner that does substantial justice.  Under the view of flexible construction, the rules governing the form of pleading should be liberally construed, and motions to dismiss complaints based on pleading errors are to be disfavored.

Id., at 17.  The court permitted the amendment, holding that the Objection "substantially complies" with the Bankruptcy Rules and Rules of Civil Procedure; in addition, the court held that the amendments would be deemed to relate back to the filing of the original Objection to Discharge.

In a case where the creditor filed a document labeled "Objection to Discharge" when in fact the creditors were objecting to dischargeability, and where the document did not contain all of the requisite jurisdictional statements and failed to describe the proceeding as core or non-core, the Bankruptcy Court denied the debtor's motion to dismiss.  Union Planters Bank of Central Arkansas, N.A. v. Jagitsch (In re Jagitsch), 201 B.R. 961 (Bankr. E.D. Ark. 1996).

The court found that these "pleading errors" were not grounds for dismissal, based on Bankruptcy Rule 7015, which provides that Fed. R. Civ. P. 15 applies in adversary proceedings and provides that leave to amend a complaint should be freely given when justice so requires.  The creditors in In re Jagitsch sought leave to file an amended complaint, and the court permitted the amendment as there had been no showing of undue delay, bad faith or undue prejudice to the opposing party.  The court held that "the complaints, although incorrectly describing the action as

an objection to discharge, clearly set forth allegations asserting a cause of action objecting to the dischargeability of a debt under section 523(a)(2). Thus, defendants are on notice of the specific nature of the action and the facts upon which that cause is based." Id., at 963.

These cases all demonstrate that a Bankruptcy Court has a degree of discretion and, in the sound exercise of its judgment, may elect to allow the adversary proceedings to continue even though there were technical irregularities in the pleadings. Thus, it is clear that the court need not necessarily dismiss an action because of errors in pleading, when the opposing party receives sufficient notice that an adversary proceeding was intended and is adequately apprised of the grounds on which the allegation of nondischargeability is made.

On the other hand, there are cases fully supporting Judge Starzynski's ruling on the question of sufficiency of the pleading. It has been held that a pleading purporting to initiate an adversary proceeding may be so deficient that it cannot serve as a complaint. In Schmidt v. Goscicki (In re Goscicki), 207 B.R. 893 (B.A.P. 9th Cir. 1997), the Bankruptcy Appellate Panel affirmed a ruling by the Bankruptcy Court granting summary judgment to the debtor in an adversary proceeding. The creditor had earlier filed an action for damages in state court against the debtor, alleging breach of contract, misrepresentation, conversion and other claims.

Although asserting that the debt thus allegedly owed was nondischargeable, the creditor's attorney never filed a complaint to determine dischargeability. Instead, the creditor's counsel filed an Application to Remove the Superior Court Case to Bankruptcy Court, in connection with which he filled out and signed an adversary proceeding cover page. He argued that the cover page sufficed as a complaint. The cover sheet included the notations that the cause of action involved "Fraud in the transfer and sale of real property pursuant to 11 U.S.C. Section 523," but in the section of the

14

cover sheet headed "Nature of the Suit," counsel failed to mark the box labeled "To determine the dischargeability of a debt 11 U.S.C. § 523."  The cover sheet was not file stamped, did not include an adversary proceeding number, and there was no certificate of service attached.

The B.A.P. held that this document was insufficient to operate as a complaint to determine dischargeability.  The creditor argued that the debtor and the court had sufficient notice of the potentially non-dischargeable fraud issues, because the state court complaint was attached as part of the removal application, and "notice to the bankruptcy court of potentially non-dischargeable claims is sufficient to prevent her from being discharged." Id., at 897.  The court rejected this contention, holding that "[t]his type of 'notice' does not substitute for the filing of an adversary proceeding . . . ," relying on the portion of 11 U.S.C. § 523(c)(1) which provides that even potentially non-dischargeable debts will be discharged "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge . . . ." Id..

In affirming the ruling of the Bankruptcy Appellate Panel in Goscicki, the Ninth Circuit held that the creditor's filing an application to remove the pending state court litigation, and the Bankruptcy Court's order granting relief from the automatic stay, "did not excuse her [the creditor] from the requirement of filing a timely complaint to determine dischargeability under 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c)." Schmidt v. Goscicki (In re Goscicki), 162 F.3d 1168 (Table, text in Westlaw), 1998 WL 741180, at *1 (9th Cir. Oct. 5, 1998).

In re Jasperson, supra, was factually similar to the Goscicki case.  In Jasperson, the creditor filed an application for removal of a state court action against the debtor based on fraud and other claims, and attached an adversary proceeding cover sheet indicating that the purpose of the suit was

to determine dischargeability under Section 523. This was done prior to the "dischargeability complaint bar date"; however, the creditor did not file a formal complaint until after the bar date had passed.

The court in Jasperson held that the removal application failed to provide adequate notice to the debtor as to the nature of the claim for nondischargeability, rejecting the creditor's contention that "notice requirements were satisfied, since counsel for debtors knows full well that there is absolutely no other reason possible for the removal of this case other than to object to the dischargeability of the debt." Id., at 745 (internal punctuation omitted). The court noted that "[t]he purpose of notice pleading is to avoid such uncertainties and errors that arise from reliance upon an expectation of the adversary's knowledge. A pleading providing reasonable notice does not rely upon constructive notice." Id..

The Ninth Circuit in In re Kennerley, *supra*, upheld a ruling by the Bankruptcy Court rejecting a creditor's contention that his Motion for Relief From Automatic Stay was a valid complaint to determine the dischargeability of a debt owed him by the debtor. The court noted that the motion did not mention Section 523 and did not indicate that the creditor was seeking to have the issue of dischargeability decided.

It has also been held that mere notice of an intention to file a nondischargeability complaint does not suffice as an adversary complaint. Grand Promenade v. Twersky (In re Twersky), 190 B.R. 903 (Bankr. C.D. Cal. 1996); Classic Auto Refinishing, Inc. v. Marino (In re Marino), 37 F.3d 1354, 1357 (9th Cir. 1994) ("the policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal

Rules").[3]

In this case, there is no dispute that the Notice of Objection did not conform to the requirements of the Bankruptcy Code and Rules. The creditor argues that, in spite of the deficiencies, the debtor was on sufficient notice that Ainsworth intended to seek a determination of nondischargeability, and the pleading should be liberally construed as a complaint.

The Court need not reach this issue, given its recommendation on the issue of "relation back," as discussed below. However, there is certainly legal support for Judge Starzynski's ruling on this issue, as noted above.

But recent Tenth Circuit authority, decided after Judge Starzynski's decision, suggests that the Amended Complaint in this case – which does name both Glenn Corley and Janie P. Corley as persons against whom the relief of nondischargeability is sought [ROA Doc. 3, at ¶ 13 and in the Caption], and which asserts a claim which arises out of the conduct, transaction or occurrence set forth in the Notice of Objection – should relate back to the date the Notice of Objection was filed. If so, the complaint in this matter is deemed to have been timely filed.

<u>*Relation Back Under Rule 15(c)*</u>

After finding that the Notice of Objection was deficient as an adversary proceeding complaint, Judge Starzynski held that even if the Amended Complaint, which was filed expiration of the deadline, were proper in all other respects, it "cannot make the original Notice timely filed if it were not."

---

[3]*But see*, <u>Dominguez v. Miller (In re Dominguez)</u>, 51 F.3d 1502, 1508 (9th Cir. 1995), in which the Ninth Circuit describes its earlier <u>Marino</u> case as one involving a document which failed to put the debtor on notice of the claim for relief, the court noting: "In the bankruptcy context, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"

Ainsworth challenges this ruling, arguing that the Amended Complaint should relate back to the date of the original, albeit defective, filing.  The Court agrees that the Amended Complaint may well relate back in the manner posited by Ainsworth and recommends that a remand be ordered to allow the Bankruptcy Court an opportunity to consider this  issue.

Fed. R. Bankr. P. 7015 provides that Fed. R. Civ. P. 15 is applicable in bankruptcy proceedings.  Rule 15 provides that a party may amend his complaint once as a matter of course at any time before a responsive pleading is filed.  The Amended Complaint was filed in this case by Ainsworth prior to any responsive pleading by the Corleys.

The standard for determining whether an amended complaint relates back to the original complaint is set forth in Rule 15(c):

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

"[T]he test for relation back is whether 'the original pleading gives fair notice of the general fact situation out of which the claim or defense arises." Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt), __ B.R. __, 2006 WL 3201076, at *6 (B.A.P. 10th Cir. Nov. 7, 2006).  In Daviscourt, the Tenth Circuit Bankruptcy Appellate Panel held that certain amendments properly related back to the original complaint seeking a determination as to dischargeability, noting as follows:

> Thus, the "bottom line" under Rule 15(c) is the notice given to the opposing party.  In this case, the Debtors were at all times aware that Columbia's case was premised upon fraudulent misrepresentation . . . . The Debtors cannot claim to have been surprised by the claims set

18

forth in the amended complaint, which still asserted non-dischargeability under the same statutory provisions and still stated the same general fact situation, *i.e.*, the overstatement and misrepresentation of, and the concealment of the information regarding, Northwest's accounts receivable.

<u>Id.</u>.

The situation in <u>Daviscourt</u> appears to be indistinguishable from that in the present case. It is true, as noted above, that Ainsworth did not state in the Notice of Objection the precise persons whom he intended to name as defendants in an adversary proceeding. However, it is also true that neither Glenn Corley nor Janie P. Corley can "claim to have been surprised by the claims set forth in the amended complaint" as the allegations in the Notice of Objection are based on the same conduct as that alleged in the state court case, and the Corleys cannot have been taken by surprise when Ainsworth challenged the dischargeability of his debt on the basis of fraud and misrepresentation. Both Glenn Corley and Janie P. Corley were listed in the caption of the Notice of Objection, and the Amended Complaint clarifies that the relief of nondischargeability is sought against Janie P. Corley and the marital community, as well as against Glenn Corley.

The Notice of Objection refers in its title to "dischargeability of debt under 11 U.S.C. 523." It recites that Ainsworth's state court suit against Glenn Corley was based on allegations of "fraud and false statements in connection with a new home sale in Albuquerque." The Notice of Objection also describes specifics of the alleged fraud in asserting that Glenn Corley, the builder of the home, filed an affidavit with the title company certifying that all subcontractor liens and bills had been paid, when Corley knew that he actually owed thousands of dollars to subcontractors. Ainsworth asserts further in the Notice that Glenn Corley obtained the home sale through fraud and false pretenses, and that he did so willfully and intentionally. Wherefore, Ainsworth recites, he "gives notice of his

19

objection to dischargeability of his debt underlying his state court lawsuit against he above debtor." [ROA Doc. 1].

As noted above, this Notice of Objection was deficient as a complaint in several respects, and the Amended Complaint was filed after the applicable bar date.  However, "[t]he rules set deadlines, but they also provide that deficient pleadings may suffice if appropriately amended."  In re Dominguez, *supra*, at 1510.  The debtors in this case could have no question as to the alleged acts upon which Ainsworth intended to base his challenge to dischargeability.  The Amended Complaint provides more specifics as to the content and dates of the Purchase Agreement between the parties and the Affidavit allegedly signed by Glenn Corley in connection with the sale of the property; however, the acts alleged in the Amended Complaint and those asserted in the Notice of Objection are, in all essential respects, the same.  It is clear that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,"  Fed. R. Civ. P. 15(c).

There is no showing that the debtors in this case were surprised by the allegations in the Amended Complaint, nor have they shown that they would be prejudiced by a relation back in this case.  Brauer v. Republic Steel Corp., 460 F.2d 801, 804 (10th Cir. 1972).  These are not the sort of "new claims" or "entirely separate theories of relief" to which the relation back principle would not apply.  Buchanan v. Lamarque, 121 Fed. Appx. 303, at *11 (10th Cir. 2005).

As Ainsworth points out in his briefing, Judge Starzynski found that the "amended complaint cannot make the original Notice timely filed if it were not" [ROA Doc. 16, at 2], but it is unclear whether the Bankruptcy Court is referring to "relation back" principles.  The decision does not discuss whether the allegations of the Amended Complaint "arose out of the conduct, transaction,

20

or occurrence set forth or attempted to be set forth in the original pleading" under Fed. R. Civ. P. 15(c)(2).

It appears, based on the recent <u>Daviscourt</u> authority,[4] and based on an examination of the two pleadings side by side, that the allegations in those pleadings do indeed arise from the same conduct, transaction or occurrence.  However, the question of prejudice to the Corleys has not been addressed, and this Court declines to do so on the current appellate record.  It is more appropriate for a learned Bankruptcy Judge to make the determination as to relation back, and it is the recommendation of this Court that a remand be had for that purpose.

<i>The Court Cannot Sua Sponte Extend the Time for Filing a Complaint</i>

Judge Starzynski also held that the Bankruptcy Court cannot *sua sponte* extend the deadline for filing a complaint in an adversary proceeding.  This Court agrees.

In <u>Themy v. Yu (In re Themy)</u>, 6 F.3d 688, 689 (10th Cir. 1993), cited by Judge Starzynski in his opinion, the Tenth Circuit noted:

> Rules 4004(a) and 4007(c) set a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts.  Rules 4004(b) and 4007(c) provide that this deadline may only be extended for cause, after a hearing, if a motion is made before expiration of the sixty days.  Finally, Rule 9006(b)(3) provides that a "court may enlarge the time for taking action under Rules 4004(a) and 4007(c) only to the extent and under the conditions stated in those rules."  Together, these rules prohibit a court from sua sponte extending the time in which to file dischargeability complaints . . . .  This circuit has strictly construed such deadlines . . . .  [Internal punctuation omitted].

---

[4]It has been held that decisions of a Circuit's Bankruptcy Appellate Panel are binding precedent as to Bankruptcy Courts within the Circuit.  <u>Coyne v. Westinghouse Credit Corp. (In re Globe Illumination Co.)</u>, 149 B.R. 614, 621 (Bankr. C.D. Cal. 1993).  Although the Tenth Circuit's B.A.P. Local Rules provide that *unpublished* decisions of the B.A.P. are not binding precedent, 10th Cir. BAP L.R. 8018-6(a), <u>Daviscourt</u> has been designated for publication.

*Accord*, <u>In re Kennerley</u>, *supra*, at 147; <u>In re Twersky</u>, *supra*, at 909; <u>Anwiler v. Patchett (In re Anwiler)</u>, 958 F.2d 925, 927 (9th Cir. 1992);

However, consideration of the issue of relation back may moot the question of a *sua sponte* extension of time, if the Bankruptcy Court finds that the Amended Complaint was in fact timely filed under that principle.  The Court therefore does not reach this issue.

### *Other Issues*

The Corleys argue on appeal that the Notice of Objection was improperly filed under the Bankruptcy Court's e-filing rules.  The Bankruptcy Judge did not discuss this issue but implicitly found that the filing was proper, as he held that the Notice of Objection was timely filed.  This Court upholds that ruling.

The Corleys also argue that service of process was never properly accomplished in the adversary proceeding.  The Bankruptcy Judge did not address this issue in his opinion.  The issue may or may not be material, depending on the outcome of the Bankruptcy Court's decision on the relation back issue.

### **Recommended Disposition**

That the case be remanded to the Bankruptcy Court for a determination as to whether the Amended Complaint filed in this adversary proceeding was timely in that it related back to the date of filing of the "Creditor's Notice of Objection to Dischargeability of Debt Under 11 U.S.C. § 523" pursuant to Fed. R. Civ. P. 15(c), and, if necessary, for a determination as to sufficiency of service of process.

Lorenzo F. Garcia
Chief United States Magistrate Judge

22