# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In re:  GLENN NOLAN CORLEY and
JANIE PHILLIPS CORLEY,

        Debtors,

GARY AINSWORTH,

        Plaintiff-Appellant

v.                                              No. CIV 06-606 BB/LFG
                                              Bankruptcy No. 7-05-16827 SA
                                              Adversary No. 05-01265 S

GLENN NOLAN CORLEY and
JANIE PHILLIPS CORLEY,

        Defendants-Appellees.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION

### Introduction

THIS MATTER is before the Court on the Magistrate Judge's Analysis and Recommended Disposition, filed December 11, 2006 [Doc. 12], recommending, *inter alia*, that this matter be remanded to the United States Bankruptcy Court for a determination as to whether the Amended Complaint filed in this adversary proceeding related back under Fed. R. Civ. P. 15(c) to the date of filing of the "Creditor's Notice of Objection to Dischargeability of Debt Under 11 U.S.C. § 523" ("Ainsworth's Notice").  On December 21, 2006, Defendants-Appellees ("the Corleys") filed objections to the Magistrate Judge's findings and recommendation [Doc. 13].  The Court conducted

a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which the Corleys object.

### Summary of Magistrate Judge's Findings and Recommendation

Chief United States Magistrate Judge Lorenzo F. Garcia determined that United States Bankruptcy Judge James S. Starzynski's decision to dismiss Plaintiff-Appellant Gary Ainsworth's ("Ainsworth's") adversary proceeding was well-reasoned and supported by the law as it existed then. However, subsequent to Judge Starzynski's June 22, 2006 Dismissal Order, the Tenth Circuit Bankruptcy Appellate Panel (B.A.P.) issued an opinion relevant to the question of whether the Corleys' later filed Amended Complaint might have been timely filed if it were deemed to have "related back" to the original pleading filed in the bankruptcy adversary pleading, i.e., Ainsworth's Notice. Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt), __ B.R. __, 2006 WL 3201076 (10th Cir. B.A.P., Nov. 7, 2006). The Magistrate Judge could not determine from the Bankruptcy Court's written dismissal order whether Judge Starzynski had considered "relation back" principles under the pertinent rules, e.g., Fed. R. Civ. P. 15(c) (made applicable in bankruptcy proceeding by Fed. R. Bankr. P. 7015). Thus, the Magistrate Judge recommended this case be remanded to the Bankruptcy Court so that it could consider the recent 10th Circuit B.A.P. decision and whether Ainsworth's Amended Complaint related back to the initial pleading, under Rule 15(c).

### The Corleys' Objections

The Corleys assert seven objections to the Magistrate Judge's findings and recommendation.

I.  OBJECTION 1

The Corleys argue that the creditor's attorney did not electronically file Ainsworth's Notice because the pleading was electronically filed under the log-in name and password of a different

2

attorney who is not involved in this proceeding. The Corleys state such filing violates the Bankruptcy Court Clerk's Electronic Filing Procedures § 6.1. The Court overrules this objection, finding the challenge hypertechnical and an insufficient basis to reject or modify any of the Magistrate Judge's findings and recommendation.

II.   OBJECTION 2

The Corleys object to the Magistrate Judge's finding that the Amended Complaint "may well relate back in the manner posited by Ainsworth . . . .", i.e., that it related back to the date of the "original, albeit defective, filing." [Doc. 12, p. 18.] The Corleys argue that the amended complaint cannot relate back to Ainsworth's Notice because that pleading was not a complaint. [Doc. 13, p. 3.] The Corleys further assert that Rule 15 does not contemplate "transforming that which is not a complaint into a complaint by later amendment."

In support of their argument, the Corleys cite Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 n.3, *reh'g denied,* 467 U.S. 1231 (1984). In footnote 3 of Baldwin, the United States Supreme Court found that Rule 15(c) was not applicable in that situation because the initial pleading, an EEOC notice of right to sue letter, did not provide the "defendant fair notice of what the plaintiff's claim [was] and the grounds upon which it rests." The Court does not find this decision supports the proposition that the initiating pleading must always be a formal complaint before relation back principles under Rule 15(c) apply. To the contrary, Baldwin, like the more recent B.A.P. opinion in Daviscourt, emphasizes that the critical inquiry is whether the "original pleading" notified the defendant of the litigation or gave appropriate notice of the claims at issue. Baldwin, 466 U.S. at 149, n.3.

3

Rule 15(c) states, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the ***original pleading*** when [2] the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c)(2) (emphasis added). While Rule 15 is normally applied to a complaint, Mayle v. Felix, 545 U.S. 644, 652 (2005), the plain language of the rule does not specify that the "original pleading" be a complaint before relation back principles apply. *See, e.g.,* Jones v. City of Buffalo, 867 F. Supp. 1155 (W.D.N.Y. 1994) (applied to removal petition). Indeed, the footnote cited by the Corleys in Baldwin implies that if the EEOC notice of right to sue letter had properly notified the defendant of the claims and asserted bases for relief, the letter could have been construed as the "original pleading" that might have been "rehabilitated by invoking Rule 15(c)." *See* Baldwin, 466 U.S. at 149 n. 3. The Corleys' argument simply puts form over substance. The Court, therefore, overrules Objection 2.

III.    OBJECTIONS 3 AND 4

The Corleys take issue with the Magistrate Judge's finding that the situation in Daviscourt "appears indistinguishable from that in the present case." The Corleys assert that Daviscourt is easily distinguishable because unlike Ainsworth's Notice in the bankruptcy proceeding, an initial "complaint" was filed in Daviscourt. The Corleys are correct in pointing out this distinction between this case and that of Daviscourt. It is, however, a distinction without a difference. The Court does not find this distinction sufficient to reject or modify the Magistrate Judge's findings and recommendation.

The Court discussed *supra* that the plain language of Rule 15(c) neither specifies nor implies that a pleading denominated as a complaint must be filed before relation back is permitted under Rule

4

15(c). Instead, in the many cases discussing relation back under Rule 15(c), the key inquiry is whether the pleading "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin, 466 U.S. 147, 149 n.3. *See, e.g.,* Daviscourt, 2006 WL 3201076 at 6 ("bottom line" under Rule 15(c) is notice given to opposing party of claims); Maes v. Herrera (In re Herrera), 36 B.R. 693, (Bankr. D. Colo. 1984) ("federal courts have focused on the notice given to the defendant by the original pleading" in applying relation back principles); Pfeiffer v. Rand (In re Rand), 144 B.R. 253, 256 (Bankr. S.D.N.Y. 1992) (letter and accompanying documents constituted a complaint where they set forth the general nature and extent of the potential claim); Mayfair Builders, Inc. v. Gordon (In re Gordon), 164 B.R. 706, 707 (Bankr. S.D. Fla. 1994) (motion construed as complaint because motion sufficiently established grounds upon which relief could be granted); In re Little, 220 B.R. 13, 15 (Bankr. D.N.J. 1998) (objection construed as complaint where notice of the nature of pending litigation provided).

The Corleys also argue that Ainsworth's Notice "could not have notified the Corleys that any claims were being made against them in an adversary proceeding" because the Notice was "too infirm" to be considered a complaint, the Corleys were not served with a summons, and no certificate of service of the summons appears in the record.[1] [Objections 3 and 4.] The Court does not find the Corleys' position persuasive as to the issue of notice.

In examining the Notice of Objection, the title refers to dischargeability of debt under 11 U.S.C. 523. Ainsworth's Notice describes Ainsworth as a creditor in the bankruptcy proceeding involving Glenn Corley and Janie Corley. The Notice further states that Ainsworth filed suit in state

---

[1]Perhaps significant is the fact that the Corleys never expressly say they were not aware that there was a case pending against them regarding the claims at issue.

district court against Mr. Corley for fraud and false statements in connection with a new home sale and specifies that Mr. Corley filed an affidavit in connection with the home sale that was allegedly false in part. Ainsworth's Notice alleges that Corleys procured the home sale through fraud and false pretenses. While the state court case against the Corleys was stayed due to the bankruptcy proceeding, the case was filed in August 2004, had undergone some discovery, and was not stayed until a year after filing. [ROA Doc. 13, Ex. 1, state court docket sheet.]

Given the totality of the circumstances, Judge Starzynski could easily conclude that the original pleading gave the Corleys fair notice of the claim. Thus, the Court agrees with the Magistrate Judge's finding that the Corleys "could have no question as to the alleged acts upon which Ainsworth intended to base his challenge to dischargeability." [Doc. 12, p. 20.] Therefore, both objections 3 and 4 are overruled.

## IV.    OBJECTION 5

The Corleys object to the Magistrate Judge's finding that they were neither surprised by the allegations in the Amended Complaint, nor prejudiced by the possibility of relation back. They further assert that they were prejudiced by being denied "the fresh start" that is at the heart of the bankruptcy process. The Court already has overruled any objection based on the Corleys' alleged surprise. Moreover, at this point, it has not been determined by the Bankruptcy Court, upon remand, whether "relation back" will be permitted. Thus, the Corleys' argument that they are being denied a "fresh start" is premature. In any event, this type of purported prejudice does not convince the Court to reject or modify the Magistrate Judge's findings. The objection is overruled.

V.  OBJECTION 6

Objection 6 relates to the Corleys' first objection. The Corleys again argue that Ainsworth's Notice was not properly filed under the Bankruptcy Court's electronic filing rules and that the Bankruptcy Court made no finding as to whether the Notice was properly filed under the pertinent rules.[2] Thus, they ask to have the lower court make a finding regarding this issue, if the case is remanded. The Court overrules the objection as to the Magistrate Judge's finding but will allow the Bankruptcy Court to also consider, on remand, the question of proper electronic filing, to the extent that it is pertinent to the lower court's determination on relation back.

VI.  OBJECTION 7

The Corleys object to the Magistrate Judge's statement that "[t]he issue [of service of process] may or may not be material, depending on the outcome of the Bankruptcy Court's decision on the relation back issue." The Corleys assert that lack of service of process is material as it pertains to the issue of notice and to any amendments to add party defendants, i.e., Mrs. Corley, who was not named in the state court action or in Ainsworth's Notice, but who was named as a Defendant in the Amended Complaint. The Corleys contend that even though the Bankruptcy Court did not rule on the issue of lack of service under Rule 4(m), this Court should uphold the lower court's ruling on that basis. The Court elects not to do so, and agrees with the Magistrate Judge's finding. If the Bankruptcy Court declines to permit relation back, the lack of service of process is moot. If, however, the Bankruptcy Court allows relation back, that court will determine what claims and

---

[2] In the bankruptcy pleadings, Ainsworth's attorney states that before starting his own firm, he worked with another law firm, from which his laptop computer came. For some reason, the prior firm's attorney's name and sign-in information were loaded into the laptop computer and remembered by the laptop. Thus, when Ainsworth's attorney filed the Notice with this laptop computer, the Notice was mistakenly filed under the prior law firm's name and information. [ROA Doc. 14, p. 3.]

7

parties can be added and whether service of process affects that decision, including whether the party to be added received sufficient notice and knowledge of the litigation not to be prejudiced by an amendment. Therefore, the objection is overruled.

## **Conclusion**

The Court agrees with the Magistrate Judge's proposed findings and recommendation that this case be remanded to the Bankruptcy Court for a determination on the issue of relation back under Rule 15(c), as described herein, and for findings on the electronic filing of Ainsworth's Notice, to the extent Judge Starzynski determines those findings are pertinent.

IT IS HEREBY ORDERED that the analysis and recommended disposition of the United States Magistrate Judge [Doc.12] are adopted by the Court.

IT IS FURTHER ORDERED that this case be remanded to the Bankruptcy Court for a determination on the issues described herein.

_____
UNITED STATES DISTRICT COURT